(56 Misc. Rep. 116.)

PEOPLE-ex rel. DARLING v. DOOLING et al., Board of Elections.

(Supreme Court, Special Term, New York County. October, 1907.)

ELECTIONS—NOMINATIONS—FILING.

    A certificate of nomination of a justice of the Municipal Court was not presented for filing until seven days after the time prescribed by Laws 1899, c. 473, § 10. *Held*, that the county clerk would not be ordered to receive and file it, nor the board of elections of the city of New York be required to print the name on the official ballot, though the minutes of the district convention showing the nomination were filed with the board within the time for filing the certificate.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Elections, § 127.]

Application by the people, on the relation of Joseph F. Darling, against John T. Dooling and others, as commissioners, etc., constituting the board of elections of the city of New York, to review certain proceedings. Application denied.

See 106 N. Y. Supp. 430.

Augustus N. Hand, for petitioners.
Terence Farley, Asst. Corp. Counsel, for board of elections.
William A. McQuaid and Robert L. Luce, for objector.

FITZGERALD, J. It appears from the record presented in this case that up to midnight on the 11th day of October, 1907 (which was the last day for filing party certificates), no certificate of nomination declaring the relator, Joseph F. Darling, to be the candidate of the Republican party for the office of justice of the Municipal Court of the city of New York, borough of Manhattan, Fourth district, had been filed with the board of elections of the city of New York. There was, however, filed with the said board on October 11th the minutes of the Fourth Republican Municipal Court District Convention, from which it appears that Joseph F. Darling and William H. Kelly were declared the nominees of that convention for justices of the Municipal District Court for the Fourth. Municipal Court district. On October 18, 1907, there was presented to the board of elections a paper which was described as the original certificate of nomination of Joseph F. Darling as candidate, nominated by the Republican Fourth Municipal Court Convention, held on the 11th day of October, 1907, which certificate was rejected by the board of elections. The relator seeks, first, a peremptory writ of mandamus requiring the respondents to accept the certificate which was presented to said board on October 18, 1907; and, second, for an order upon a review of the proceedings of the commissioners and a direction to the said commissioners to place the

name of Joseph F. Darling on the Republican ticket upon the official ballot to be used at the coming election as a candidate for justice of the Municipal Court, city of New York, borough of Manhattan, Fourth district.

Section 10, c. 473, p. 993, Laws of 1899, known as the "Primary Election Law," provides the method of procedure of conventions, and, among other requirements, is the provision that:

"The permanent officers shall keep the records of the convention and within forty-eight hours after the adjournment thereof shall certify and file the same in the office of the custodian of primary records."

The election law, being chapter 909, § 56, of the Laws of 1896, is in part as follows:

"The party certificate whereby such party nominations are certified shall contain the title of the office for which each person is nominated. * * * It shall be signed by the presiding officer and the secretary of such convention or primary. * * * A certificate of nomination filed pursuant to this section may upon its face appoint a committee of one or more persons for the purposes specified in section 66 of this act."

The filing of the minutes of the convention, as provided for by the primary law, cannot be construed as a certificate of nomination under the election law. It was merely one of the acts required to be done by section 10 of the primary law, the purpose of which section was to declare the manner in which the business of a convention was to be conducted. To entitle a person to a place on the official ballot there must be filed, as provided by section 56 of the election law, a certificate of nomination. The attempt to amend a certificate which was never filed must fail. It has been held in Matter of Cuddeback, 3 App. Div. 103, 39 N. Y. Supp. 388, that "statutory provision in respect to the time when the certificate of nomination must be filed is mandatory and must be complied with, and after the time has passed a county clerk has no right to receive and file certificates of nomination." Matter of Halpin, 108 App. Div. 271, 95 N. Y. Supp. 611. "The time within which certain acts are required to be done under the election law is an essential and all-important element in the orderly conduct of nominating and electing public officers. To permit a departure from the law in this respect would lead to the greatest confusion and to the subversion of the plain purposes of the law. The provisions of the statute with respect to the time of filing nominations are clear." Matter of McDonald, 25 Misc. Rep. 80, 54 N. Y. Supp. 690.

Applications denied.